# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

    FREDERICK R. BOYCE,

    Appellant.

    Frederick R. Boyce,

        Debtor,
v.

    David Zeilinger,

        Creditor.

_____/

Case No. 07-CV-14511-DT

HONORABLE DENISE PAGE HOOD

(Bankr. Case No. 04-23908)

## ORDER DENYING MOTION FOR LEAVE TO FILE BANKRUPTCY APPEAL

This matter is before the Court on Debtor Frederick R. Boyce's Motion for Leave to File Bankruptcy Appeal from the Bankruptcy Judge's October 12, 2007 Order Denying Motion for Reconsideration of June 29, 2007 Order Denying Confirmation of Second Amended Chapter 13 Plan and the underlying June 29, 2007 Order. The Creditor, David Zeilinger, filed a response to the motion. A hearing was held on the matter.

On June 29, 2007, the Bankruptcy Court entered an Order Denying Confirmation of Second Amended Chapter 13 Plan submitted by the Debtor. The Bankruptcy Court found that the value of the Debtor's interest in a certain real properly listed on Debtor's Schedule A was $150,000 instead of $20,000 as argued by the Debtor. The Debtor filed a Motion for Reconsideration of the Bankruptcy Court's June 29, 2007 Order, which was denied by the Bankruptcy Court in an October 12, 2007. The Debtor timely filed the instant Motion for Leave to Appeal on October 22, 2007.

Although the Debtor cites 28 U.S.C. § 158(b) in his Notice of Appeal, the Court considers

the request for leave to appeal under 28 U.S.C. § 158(a) since subsection (b) refers to the establishment of bankruptcy appellate panels within the Circuit. The district court has jurisdiction over appeals "from final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). A final order is an order which ends litigation on the merits leaving only the execution of the judgment remaining. *Catlin v. United States,* 324 U.S. 229, 233 (1945). An order confirming a plan of reorganization constitutes a final judgment in bankruptcy proceedings. *Sanders Confectionery Products, Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir.1992). In this case, the Debtor is seeking to appeal an order denying confirmation of a plan, which is not a final order. Under 28 U.S.C. § 158(a)(3), a district court has jurisdiction "with leave of the court, from other interlocutory orders and decrees" from the bankruptcy court. "[I]nterlocutory bankruptcy appeals should be the exception, rather than the rule." *In re A.P. Liquidating Co.,* 350 B.R. 752, 755 (E.D. Mich. 2006). In such circumstances, under 28 U.S.C. § 1292, a district court "may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 755; *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002).

In his motion or at the hearing, the Debtor did not address the interlocutory order issue and whether the Court should review the matter. The Bankruptcy Court's Order Denying Debtor's Motion for Reconsideration of June 29, 2007 Order Denying Confirmation of Second Amended Chapter 13 Plan and the underlying June 29, 2007 Order, does not meet the first element under § 1292. The Bankruptcy Court's valuation of the Debtor's interest is a factual determination and does not involve a controlling question of law. Although the Debtor cites a statute and a case in his

motion, these were cited in the context of questions with no analysis. The Debtor has not shown that there is a substantial ground for difference of opinion regarding the valuation of the property. The Debtor also has not shown how the appeal may materially advance the ultimate termination of the litigation since there may be other issues involving the confirmation of a plan, other than the valuation of the property. The Debtor has not met the requirements under 28 U.S.C. § 1292 in order for the Court to review the interlocutory orders entered by the Bankruptcy Court. In any event, the Sixth Circuit, in an unpublished opinion, has stated that a bankruptcy court's order denying confirmation of a Chapter 13 plan without dismissing the case is not a final order for purposes of appeal and a district court lacks subject matter jurisdiction to consider an appeal from the order under 28 U.S.C. § 158(a). *See Jefferson Finan. Serv. v. Hance,* 2008 WL 1478390 * 3 & n. 7 (6th Cir. Case No. 99-6405, Oct. 4, 2000) (While § 158(a) confers jurisdiction upon district courts to review interlocutory orders and decrees, none applied in this case.).

Accordingly,

IT IS ORDERED that Debtor/Appellant's Motion for Leave to File Bankruptcy Appeal **(Doc. No. 1, filed October 23, 2007)** is DENIED and this matter is DISMISSED and CLOSED.

        s/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: September 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2008, by electronic and/or ordinary mail.

        s/William F. Lewis
        Case Manager